[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION 
The defendant, Curtis Milton, filed a Motion to Reargue. He essentially made four arguments in support of his motion. Because the parties were given ample opportunity to brief and argue the merits and issues raised in the motion during and after the trial in this case, the court denies the motion. Nonetheless, the motion does raise issues which might be more fully explained. Accordingly, the court having considered the matters raised by the motion treats it as a Motion for Articulation.
The defendant first contends that the court's award of the marital home to the plaintiff, with a mortgage is "an illusory award". Referring specifically to the order section of the decision, this court ordered that the plaintiff execute a mortgage in the amount of $200,000, to be paid to the defendant "in full upon the earliest to occur of any of the following: (i) the remarriage of the wife; (ii) the transfer, by the CT Page 8737 Wife, of the Foster Court Premises; (iii) the death of the Wife; or (iv)such time as the Foster Court Premises is no longer the principalresidence of the Wife when she is receiving child support from theHusband." (Emphasis added). The defendant's motion states that pursuant to this award the plaintiff may opt to never pay the mortgage to the defendant. This is incorrect. The language of the order is intended to indicate that if the plaintiff still resides in the Foster Court home when the child support payments cease (when the minor child who is currently 14 years old reaches the age of 19 or when she graduates from high school, whichever comes first) then the mortgage is payable in full at that time. Obviously, if the plaintiff vacates the premises before that time, the mortgage is payable when she vacates. The latest date upon which the plaintiff must pay the mortgage is the date the child support payments cease. There is no question that the defendant is to be paid the mortgage. The award, therefore, is not illusory.
The defendant next argues that the order that he pay one half of the attorney fees of the minor child is unreasonable. The fees due to the minor child's attorney amount to approximately $18,000. The court weighed the evidence and concluded that it was equitable for the parties to jointly assume the responsibility of paying this debt. Though it is true that the defendant is currently unemployed, the court believes that there are ample resources available to both parties to pay this debt. Further, the court considers it inappropriate for there to be an expenditure of further funds from the minor child's UGMA account, when the fees were incurred as a result of the litigation decisions of the parties. It is the job of this court to determine what is equitable. Given the evidence in this case, it is more equitable for the parties to both pay the minor child's attorney's fees.
The defendant then claims that the court completely ignored his request for one half of the household furnishings. The court did not ignore the request. Rather, the court held that "the court deems it equitable to allow the plaintiff to keep all personal property which was not previously granted to the defendant by previous court order in light of the other asset distributions." It does not appear, at this point, that further explanation is necessary. The plaintiff was granted custody of the minor child, and possession of the marital home. Other than previously awarded furniture, the court awards the household furnishings to the plaintiff.
Finally, the defendant asserts that the court order which requires that the parties equally share educational expenses of the minor child is unreasonable and impossible. Once again, the defendant claims that his unemployment necessitates that he not be required to assume financial responsibilities for the minor child. The court, having considered the CT Page 8738 facts in this case, deems that the order is equitable. The defendant has ample earning capacity and resources which will allow him to share in the educational expenses incurred for his daughter. Further, to order otherwise would not be equitable.
By the Court,
Robinson-Thomas, J.